IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLAYTON M. JACKSON                                                                    PLAINTIFF
REG.  #02682-509

v.                                         3:21-cv-00042-BRW-JJV

WAYLON LOGSDON, *et al*.                                                          DEFENDANTS

## ORDER

Clayton M. Jackson ("Plaintiff"), incarcerated at the Greene County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He was granted *in forma pauperis* status on February 26, 2021. (Doc. Nos. 1, 3.) Plaintiff's *in forma pauperis* status and incarceration at the Greene County Detention Center trigger the automatic screening of his Complaint. *See* 28 U.S.C.§ 1915(e); 28 U.S.C. § 1915A.

**I.    INTRODUCTION**

Plaintiff, in custody at the Greene County Detention Center ("Detention Center") pending sentencing on federal charges, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Plaintiff sued Deputy United States Marshals Waylon Logsdon and Robert Jeremy Hammons, Greene County Jail Administrator Brent Cox, and Greene County Transport Officer Courtney Garner in their personal capacities only. (*Id*. at 2.) According to Plaintiff, Defendants Logsdon and Hammons accompanied Plaintiff on his transfer to the Detention Center on July 14, 2020. (*Id*. at 4.) Defendants Logsdon and Hammons purportedly instructed Defendant Garner to "place [Plaintiff] in [the] hole [and] block all his phone numbers and leave his a** there." (*Id*.) Plaintiff alleges that since his arrival at the Detention Center, Defendants Hammons and Logsdon have "refused to let [Plaintiff] contact his family by phone." (*Id*.)

Upon arrival at the Detention Center, Defendant Garner allegedly told two other inmates—per orders from Defendants Logsdon and Hammons—that Plaintiff was a snitch. (*Id*. at 5.) Plaintiff says he was attacked that day by five inmates as a result. (Doc. No. 2 at 5.)

Plaintiff alleges Defendant Cox placed him "in the hole" with no due process, thereby "[making] it to where [Plaintiff] cannot call [his] federal defense attorney." (*Id*.) Plaintiff maintains Defendant Cox was instructed by Defendants Logsdon and Hammons to do so. (*Id*. at 4.) Plaintiff also alleges Defendants Cox, Logsdon, and Hammons have prevented Plaintiff from receiving medical care. (*Id*.) Additionally, Defendant Cox purportedly told Plaintiff: "I hope your family has burial insurance because you aren't leaving this jail alive. We already had your cousin Dale Jackson . . . killed and his legs broke and I win all my lawsuits so file all you want." (*Id*. at 5.)

Plaintiff asserts that as a result of the incident on July 14, 2020, he has been assaulted three times and has been denied health care, but Plaintiff provides no further details in connection with his claim.

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

## II. SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S COMPLAINT

As explained in more detail below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

#### A.  *Bivens* Claims

While Plaintiff brought suit under 42 U.S.C. § 1983, his claims are properly characterized as falling under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*. 403 U.S. 388 (1971). "[A] Bivens action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006). In determining whether Jackson's *Bivens* claims survives screening under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, the first question is whether his case is "the type for which a *Bivens* remedy is available." *Farah v. Weyker*, 926 F.3d 492, 487 (8th Cir. 2019). The Court of Appeals for the Eighth Circuit has instructed that there are two steps in determining whether an implied cause of action under *Bivens* is available. *Farah*, 926 F.3d at 498. The first step is to ascertain whether the case presents "one

of 'the three Bivens claims the [Supreme] Court has approved in the past' or if the case would extend Bivens to a new context. (*Id.*) The three cases in which the Supreme Court allowed a *Bivens* claim included *Bivens* itself (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and *Davis v. Passman*, 442 U.S. 228 (1979) (administrative assistant was allowed to sue congressman for gender discrimination under the Fifth Amendment after he fired her). (*Id.*)

Plaintiff's allegations do not present one of the *Bivens* claims allowed to proceed earlier. Here, as in *Farah*, the Defendants' alleged unlawful acts are different from those alleged in any *Bivens* action and the injury is different. These differences lead the Court to question whether this Court is "well suited . . . to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017). Courts must ask if there are "'special factors [that] counse[l] hesitation'" about extending *Bivens* to a new context. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal citation omitted). Aware that expanding the *Bivens* remedy "is now a 'disfavored' judicial activity," *Abassi*,137 S.C. at 1857, the Court finds under the circumstances of this case that *Bivens* should not be extended**.** For example, other remedies are available. (*See Ahmed v. Weyker*, 984 F.3d 564, 571 (8th Cir. 2020); *Abbasi,* 137 S. Ct. at 1865; *Farah*, 926 F.3d at 500-02). Here, Plaintiff is in custody in the Greene County Detention Center and seeks injunctive relief only. Specifically, Plaintiff asks for the Court to "remedy the conditions of confinement" in which he is forced to live. To reach that end, Plaintiff can, for example, make use of the Detention Center's grievance procedure.

### B.     42 U.S.C. § 1983 Claims

Plaintiff's claims against Defendants Cox and Garner fall under 42 U.S.C. § 1983.[1] Plaintiff asserts Defendant Cox, at the instruction of Defendants Logsdon and Hammons, placed Plaintiff in the hole with no due process. (Doc. No. 2 at 4.) Plaintiff alleges that Defendant Cox, among others, blocked Plaintiff from receiving medical attention. (*Id*.) Plaintiff alleges Defendant Garner told other inmates Plaintiff was a snitch, which resulted in Plaintiff being attached by five prisoners on July 14, 2020. (*Id*. at 5.) Plaintiff says he was assaulted three more times and denied health care. (*Id*.) He also claims Defendant Cox told him: "I hope your family has burial insurance because you aren't leaving this jail alive. We already had your cousin Dale Jackson . . . killed and his legs broke and I win all my lawsuits so file all you want." (*Id*.) Plaintiff asks the Court to "step in and remedy the conditions of confinement that [he is] forced to live in." (*Id*. at 6.)

### 1.     Injunctive Relief Inappropriate Without Continuing Harm

Plaintiff seeks only injunctive relief. "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, adverse effects.'" *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2138 (1992). Here, Plaintiff identified past harm. For example, Plaintiff complained of being attacked on July 14, 202—and three times after that—after being labeled a snitch. But he did not explain when the additional attacks occurred. Plaintiff also alleged he has been denied medical care. But again, he provided no further details regarding the alleged deprivation. In his request for relief, Plaintiff asks the Court to remedy to conditions of confinement in which Plaintiff is forced to live. The

---

[1] Generally, when a federal prisoner housed in a county detention center sues detention center employees, the claims will fall under 42 U.S.C. § 1983 rather than *Bivens*. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (and cases cited therein).

Court needs further explanation of Plaintiff's experience now—how any incident on July 14, 2020, some eight months ago, has continuing, adverse effects presently.

### 2. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges he was denied medical care, but provides no details.  At the time of acts Plaintiff complains of, he was a pretrial detainee.  Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs.  *Ivey v. Audrain County, Missouri*, 968 F.3d 845, 848 (8th Cir. 2020).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  *East v. Minnehaha Cty.*, 986 F.3d 816, 820 (8th Cir. 2021).  Stating that a Defendant had "actual knowledge" of a serious medical need, without pleading additional facts to support the conclusory statement, is insufficient to state a deliberate indifference to serious medical needs claim.  *Id*.  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  "Mere negligence is not sufficient to support a cause of action under § 1983."  *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

As currently pled, Plaintiff has not stated a claim for deliberate indifference to serious medical needs.

### 3. Access to the Courts

Plaintiff alleges Defendant Cox placed him "in the hole" with no due process, thereby "[making] it to where [Plaintiff] cannot call [his] federal defense attorney." (Doc. No. 2 at 5.) The Court of Appeals for the Eighth Circuit has explained that "'[a]lthough prisoners have a

constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited phone use.'" *Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012) (internal citations omitted). To the extent Plaintiff alleges he was not provided meaningful access to the courts, his claim fails because he did not plead actual injury. *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008). To the extent Plaintiff alleges violation of his Sixth Amendment right to counsel, Plaintiff's claim fails because he has not explained how he was substantially prejudiced by any alleged government interference. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

### 4. Conditions of Confinement

A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in *Bell v. Wolfish*. 441 U.S. 520 (1979). *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). As set out in *Bell*, "the proper inquiry is whether [the] conditions amount to punishment of the detainee." *Bell*, 441 U.S. at 535. The government "may subject [pretrial detainees] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37.

There are two ways a pretrial detainee may demonstrate the conditions of his confinement amount to punishment. First, a plaintiff can establish the conditions were intended to be punitive. *Id.* at 538. In the alternative, a plaintiff may demonstrate that the conditions were not reasonably related to a legitimate governmental purpose, or the conditions were excessive in relation to that purpose. *Id.* at 538-39. If the conditions were arbitrary or excessive, courts may "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539.

As mentioned above, Plaintiff wants the Court to remedy the conditions in which he is forced to live. As currently pled, Plaintiff's Complaint does not sufficiently explain his current conditions—his allegations are focused on the past. (Doc. No. 2.) Without Plaintiff explaining current, ongoing conditions, he is not entitled to the injunctive relief he seeks.

### 5. Previously Filed Lawsuit

On November 30, 2020, Plaintiff sued Defendant Cox and others in this Court. *Jackson v. Cox*, 3:20-cv-00389 (E.D. Ark.). Plaintiff filed an Amended Complaint against Cox alleging failure to protect and due process violations. (*Id*. at Doc. No. 8.) Specifically, Plaintiff alleged that on September 21, 2020, Cox placed Plaintiff with inmates who were hostile to Plaintiff, resulting in Plaintiff being assaulted. (*Id*.) Plaintiff also claims he was placed in permanent lock-up without due process. (*Id*.) Plaintiff further alleges that since he arrived at the Detention Center on July 14, 2020, Cox has denied Plaintiff outside recreation. (*Id*.) The Court served Plaintiff's claims against Cox, along with one other individual who is not a party to the case at hand.

The Court questions whether the allegations in Plaintiff's Complaint in the case at hand are related to Plaintiff's claims in *Jackson v. Cox*, 3:20-cv-00389 (E.D. Ark.). For example, in each case Plaintiff claims Defendant Cox placed him in lock-up without due process. Is Plaintiff referring to the same event—being placed in lock-up by Cox—in both Complaints? Or is Plaintiff alleging Defendant Cox deprived him of due process on multiple occasions? Plaintiff failed to plead sufficient details for the Court to determine if certain of his claims have already been raised in an earlier-filed case. The Court would benefit from having more specifics in screening Plaintiff's claims.

Plaintiff will be given the chance to file a superseding Amended Complaint to cure the deficiencies explained above, if he wishes to do so.

## C. Amended Complaint

Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in Plaintiff's Amended Complaint, if he opts to file one, will be allowed to proceed; the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure. **Therefore, Plaintiff's Amended Complaint should:**

**1) name as a Defendant each person he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, and indicate dates, times, and places, if applicable; 3) indicate whether he is suing each defendant is his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions allegedly harmed him personally; (6) explain the relief he seeks; and (7) otherwise cure the defects explained above and set out viable claims.**

**Also, only claims properly joined under Rule 20 of the Federal Rules of Civil Procedure[2] will be allowed to proceed together in one lawsuit.**

**Further, I point out that Federal Rule of Civil Procedure 8(a) requires that a complaint set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).**

---

[2] Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

**If Plaintiff decides not to submit an Amended Complaint within thirty (30) days of the date of this Order, I will recommend his claims be dismissed without prejudice.** *See* **28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).**

## IV.   SERVICE OF DEFENDANTS

All Defendants must be served within 90 days of the filing of the Complaint. This includes "John/Jane Doe" Defendants. It is your responsibility to identify all Defendants, including "Doe" Defendants. When appropriate, the Court will order service on all properly identified Defendants, but you are responsible for providing valid service addresses for each of them. Any Defendant who is not served within 90 days will be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## V.   PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## VI.   LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Rule 5.5(c)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty

(30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

**VII.   CONCLUSION**

IT IS THEREFORE ORDERED that:

1.   The Clerk of the Court is directed to mail Plaintiff a new § 1983 complaint form.

2.   If he so wishes, Plaintiff may complete the new complaint form in its entirety in accordance with this Order, mark it as an "Amended Complaint," and file it within 30 days of the date of this Order. Plaintiff's failure to timely file an amended complaint may result in the dismissal of his claims.

DATED this 9th day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE