# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CLAYTON M. JACKSON                                                                       PLAINTIFF
REG. #02682-509

v.                                            3:21CV00042-BRW-JJV

WAYLON LOGSDON, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I. **INTRODUCTION**

Plaintiff was in custody at the Greene County Detention Center ("Detention Center") pending sentencing on federal charges when he filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Plaintiff sued Deputy United States Marshals Waylon Logsdon and Robert Jeremy Hammons, Greene County Jail Administrator Brent Cox, and Greene County Transport Officer Courtney Garner in their personal capacities only. (*Id*. at 2.) According to Plaintiff, Defendants Logsdon and Hammons accompanied Plaintiff on his transfer to the Detention Center on July 14, 2020. (*Id*. at 4.) Defendants Logsdon and Hammons purportedly instructed Defendant Garner to "place [Plaintiff] in [the] hole [and] block all his phone numbers and leave his a** there." (*Id*.) Plaintiff alleged that since his arrival at the Detention Center, Defendants Hammons and Logsdon have "refused to let [Plaintiff] contact his family by phone." (*Id*.)

Upon arrival at the Detention Center, Defendant Garner allegedly told two other inmates—per orders from Defendants Logsdon and Hammons—that Plaintiff was a snitch. (*Id*. at 5.) Plaintiff said he was attacked that day by five inmates as a result. (Doc. No. 2 at 5.)

Plaintiff alleged Defendant Cox placed him "in the hole" with no due process, thereby "[making] it to where [Plaintiff] cannot call [his] federal defense attorney." (*Id*.) Plaintiff maintains Defendant Cox was instructed by Defendants Logsdon and Hammons to do so. (*Id*. at 4.) Plaintiff also alleged Defendants Cox, Logsdon, and Hammons have prevented Plaintiff from receiving medical care. (*Id*.) Additionally, Defendant Cox purportedly told Plaintiff: "I hope your family has burial insurance because you aren't leaving this jail alive. We already had your cousin Dale Jackson . . . killed and his legs broke and I win all my lawsuits so file all you want." (*Id*. at 5.)

Plaintiff asserted that as a result of the incident on July 14, 2020, he has been assaulted three times and has been denied health care, but Plaintiff provides no further details in connection with his claim.

## II.     SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    PLAINTIFF'S COMPLAINT

As part of the screening process, on March 9, 2021, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted.  (Doc. No. 14.)  I also explained to Plaintiff the deficiencies in his Complaint.  (*Id*. at 3-8.)  Plaintiff was given thirty (30)

days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.* at 9-11.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 10, 11.) Plaintiff has not filed an Amended Complaint or otherwise responded to my March 9 Order and the time for doing so has passed.

While Plaintiff brought suit under 42 U.S.C. § 1983, his claims against Defendants Logsdon and Hammons are properly characterized as falling under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*. 403 U.S. 388 (1971). Plaintiff's allegations do not present one of the *Bivens* claims allowed to proceed earlier. *Farah v. Weyker*, 926 F.3d 492, 487 (8th Cir. 2019). And expanding the *Bivens* remedy "is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Under the circumstances of this case, *Bivens* should not be extended to Plaintiff's claims**.** For example, other remedies are available. (*See Ahmed v. Weyker*, 984 F.3d 564, 571 (8th Cir. 2020); *Abbasi,* 137 S. Ct. at 1865; *Farah*, 926 F.3d at 500-02). Accordingly, I recommend Plaintiff's *Bivens* claims against Defendants Logsdon and Hammons be dismissed.

Plaintiff's claims against Defendants Cox and Garner fall under 42 U.S.C. § 1983.[1] Plaintiff seeks injunctive relief only. "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, adverse effects.'" *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2138 (1992). Here, Plaintiff identified past harm. Accordingly, there is no basis for injunctive relief.

---

[1] Generally, when a federal prisoner housed in a county detention center sues detention center employees, the claims will fall under 42 U.S.C. § 1983 rather than *Bivens*. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (and cases cited therein).

Plaintiff alleged he was denied medical care, but provided no details. Plaintiff has not stated a claim for deliberate indifference to serious medical needs.

Plaintiff alleged Defendant Cox placed him "in the hole" with no due process, thereby "[making] it to where [Plaintiff] cannot call [his] federal defense attorney." (Doc. No. 2 at 5.) But Plaintiff's access to the Court claim fails because he did not plead actual injury. *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008). And to the extent Plaintiff alleged violation of his Sixth Amendment right to counsel, Plaintiff's claim fails because he has not explained how he was substantially prejudiced by any alleged government interference. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

I also note that on November 30, 2020, Plaintiff sued Defendant Cox and others in this Court. *Jackson v. Cox*, 3:20-cv-00389 (E.D. Ark.). To the extent Plaintiff brings claims in this case that he already raised in his earlier case, those claims should not be allowed to proceed in this lawsuit.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE